SO ORDERED: December 14, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOROTHY THOMSEN | ) | CASE NO. 05-22169-AJM-13 |
| | ) | |
| Debtor | ) | |

**ORDER DENYING CREDITOR'S MOTION
TO CONFIRM TERMINATION OR ABSENCE OF STAY**

This matter came before the Court upon the motion filed of Erman Peoples to confirm termination or absence of the automatic stay (the "Creditor's Motion"). Hearing on the Creditor's Motion was held on November 28, 2006 wherein the Debtor, pro se, appeared in person; Erman Peoples ("Peoples") appeared by counsel, Adam Lenkowsky. The Court heard oral argument on the matter and took ruling on the matter under advisement. In accordance with Fed. R. Bankr. P. 7052, the Court now makes its findings and conclusions and, for the reasons stated below, DENIES the Creditor's Motion to the extent it sought a determination that the automatic stay was not reinstated

upon the reopening of this case.

### *Background*

This chapter 13 case was filed on October 3, 2005, over fourteen months ago, and the Debtor just filed her chapter 13 plan less than a month ago.  What was filed on October 3, 2005 was a "barebones" petition, and the required statement of full social security number, schedules and statement of financial affairs were not filed at that time.  The Debtor was order to submit her full social security number by October 6, 2005, and was ordered to file the required schedules, summaries and statement of financial affairs by October 18, 2005.  When the Debtor failed to submit her full social security number by October 6th, the case was dismissed, on October 8, 2005.

The Debtor moved to reinstate the case ten (10) days later and filed her statement of social security number along with her reinstatement motion.  The Court reinstated her case on November 8, 2005.  The Debtor was ordered to complete her filing by filing the required schedules, statements and summaries by November 18, 2005.  Once again, the Debtor failed to comply with the Court's order and failed to complete her bankruptcy filing.  The case was dismissed for a seond time on December 9, 2005 and subsequently closed on December 20, 2005.

Not until eight (8) months later, on August 30, 2006, did the Debtor move to reopen the case.  On September 11, 2006, the case was again reopened, with the Debtor being ordered to complete the filing and file the required papers no later than September 21st.  On September 21st, the Debtor moved for an extension of time to file the plan, but made no mention of extending the time to file all other required papers.  Because the case at that point was nearly a year old, with no schedules or plan having

been filed, the Court set the Debtor's motion for extension for hearing. That hearing was held on October 24, 2006 wherein the Debtor was ordered to file her chapter 13 plan within thirty (30) days of that date, with the proviso that the failure to file it would result in dismissal of the case. Thirty days from October 24th fell on Thursday, November 23rd, Thanksgiving Day. Because that day was a holiday, the deadline to file the plan was November 27, 2006. [1]

The prior discussion of the case's history may shed light on why creditor Erman Peoples ("Peoples") was anxious to pursue collection of a judgment obtained against the Debtor and therefore filed his "Motion to Confirm Termination or Absence of Stay" on October 23, 2006. Peoples asked for a determination that, upon the reopening of the case, no automatic stay was reimposed. A hearing on that motion was held on November 28, 2006, the day after the Debtor completed her filing and filed the required schedules, statement and chapter 13 plan.

### *Discussion*

Peoples contends that no stay was reimposed when this case was reopened on September 11, 2006, and therefore, he is free to pursue collection of its judgment. To support his argument, Peoples cites two cases, *In re Trevino*, 78 B.R. 29 (Bankr. M. D. Pa. 1987) and *In re Gruetzmacher*, 145 B.R. 270 (Bankr. W.D.Wis. 1991).

### *The Trevino Case*

*Trevino* involved a chapter 11 debtor's case that converted to a chapter 7 case. The debtor there received a chapter 7 discharge. The debtor's lender had obtained a

---

[1] See, Fed. R. Bankr. P.9006(a).

3

judgment in foreclosure and scheduled a sheriff's sale when the debtor sued the lender. Upon hearing of the debtor's lawsuit, the chapter 7 trustee moved to reopen the case, to determine whether the lawsuit was property of the estate to be administered by the trustee. The state court stayed the foreclosure action due to the trustee's pending motion to reopen the bankruptcy. The trustee eventually entered into a stipulation with the lender in which the trustee acknowledged he had no interest in re-administering the property subject to the foreclosure action. That stipulation was approved, and further provided that the lender was relieved from all stays, automatic or otherwise. The lender thereafter persuaded the state court to terminate the order staying the foreclosure proceeding and the property was sold at sheriff's sale.

Over a year and a half later, the debtor, with new counsel, moved to vacate the order approving the stipulation that had been reached between the chapter 7 trustee and the lender and to set aside the sheriff's sale. The debtor argued that the automatic stay had been reinstated when the case was reopened upon the chapter 7 trustee's motion and therefore, the ensuing foreclosure was conducted in violation of the stay and must be set aside.

In *Trevino*, the property at issue was real property and the court there pointed out that under §362(c), the stay continued only until the property was no longer property of the estate. Under §362(c)(2) dealing with every other type property, the stay remained in effect only until the case was closed, dismissed or discharged. The Court in *Trevino* determined that the automatic stay was terminated when the debtor received a discharge of debts in the chapter 7 case.

4

### *The Gruetzmacher Case*

In *Gruetzmacher*, a chapter 11 debtor's chapter 11 plan was confirmed which incorporated the terms of a property division settlement between the chapter 11 debtor and his ex wife. The chapter 11 case was later dismissed upon stipulation of the parties. The ex wife requested and obtained reopening of the chapter 11 case for the sole purpose of enforcing the stipulation. Once the case was reopened, a second stipulation was executed and it contained a schedule of payments to be made by the debtor to his ex wife. Before the first payment became due, the IRS garnished certain accounts of the debtor, causing the debtor to default under the terms of the second stipulation. The debtor alleged that the IRS was in violation of the automatic stay and that the IRS garnishment should be set aside.

The court held that the automatic stay was not automatically reinstated once the case had been reopened, based in part on *Trevino's* pronouncement that once a case was closed, dismissed or discharged, the court no longer had jurisdiction to continue the imposition of the automatic stay. Further basis for not reimposing the automatic stay was that the stipulation between the parties provided that the remaining property of the estate reverted back to the debtor, and that the case was reopened solely for the purpose of enforcing the stipulation and not for the purpose of administering any property or assets. Consequently, the court denied the debtor's motion to set aside the IRS' garnishment.

### *Neither Trevino nor Gruetzmacher were Chapter 13 Cases That Had Been Dismissed Before Plan Confirmation or Entry of Chapter 13 Discharge*

*Trevino* and *Gruetzmacher* involved instances where the main objective of the bankruptcy had been accomplished before the case had been reopened... in *Trevino*, the debtor had received a discharge and in *Gruetzmacher*, the debtor's plan had been confirmed and the property division issue had been resolved.  Not surprisingly, the reopening of those cases was limited only to narrow issues that had occurred *after* the case was discharged or confirmed.

Neither the facts in *Trevino* nor *Gruetzmacher* are analogous to the facts of this case- neither is a chapter 13 case, and neither case had been dismissed prior to being reopened.  Conversely, the case here was not reopened for a limited purpose or due to some event that occurred *after* confirmation or discharge; indeed, the case here has neither been confirmed or discharged.  Rather, the case was reopened upon the Debtor's motion so that the Debtor could be given another chance to achieve the objective of plan confirmation and discharge upon completion of plan payments.  Since the case was dismissed prior to its main objective – plan confirmation and discharge – having occurred, its reopening reinstated the case and restored it to where it was immediately prior to dismissal, including the existence of the automatic stay as against those creditors who had *not* sought and obtained a lifting of the automatic stay prior to dismissal.  See*, In re Diviney*, 225 B.R. 762 (10th Cir. BAP 1998) (holding that reinstatement of a chapter 13 case restored the automatic stay) [2] , citing *In re Nail*, 195

---

[2] According to the court in *Diviney*, to "reinstate a case" is to place a case "again in the same position as before dismissal", quoting Black's Law Dictionary 1157 (5th ed. 1979), 225 B.R. at 770.

B.R. 922 (Bankr. N. D. Ala. 1996). Thus, the Court finds that the automatic stay was reinstated upon the reopening of this case. Accordingly, to the extent Peoples' motion asks for a determination that no automatic stay was reinstated upon the reopening of this case, it is DENIED.[3]

# # #

Distribution:

Debtor, pro se
Attorney for Erman Peoples
Chapter 13 Trustee
United States Trustee

---

[3] Peoples may not be harmed in the Court's decision that the automatic stay was reinstated upon the case's reopening. The Debtor's Schedule F filed on November 27, 2006 reveals that "Erman Peoples" is the holder of an unsecured nonpriority claim in the amount of $300,800.00 and that the claim was incurred *on "8/17/06", after* the petition date of October 3, 2005. It appears that the Debtor is attempting to discharge debt in this chapter 13 case that was incurred postpetition. Since a chapter 13 plan deals only with "claims" that exist as of the petition date, (other than the very narrow exceptions set forth in Section 1305), the automatic stay does not extend to creditors who hold postpetition claims unless said creditors attempt to satisfy such claims from property of the estate. See §362(a)(3).